**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Keith St. Clair, | No. 2:16-CV-16-02641-JAT-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Corrections Corporations of America, et. al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Authorize the Deposition of Parties. (Doc. 25).[1] For the reasons below, the Court will deny Plaintiff's Motion.

## I. Background

On June 24, 2016, while confined in the Corrections Corporation of America's Saguaro Corrections Center, Plaintiff filed a pro se civil rights Complaint. (Doc. 2.) In his Complaint, Plaintiff asserts claims against Defendants Corrections Corporation of America (CCA), Warden Joseph Taylor, Assistant Warden Ben Griego, and Chaplain Warner. In Count One Plaintiff alleges Defendants violated his First Amendment rights, in Count Two Plaintiff claims his Fourteenth Amendment rights to equal protection were

---

[1] Plaintiff filed an identical document on June 16, 2017, titled "Plaintiff's Reply to Scheduling Order." (Doc. 22.) Defendants filed a Response to that filing (doc. 24), which the Court will also treat as a Response to Plaintiff's Motion (doc. 25).

violated, and in Count Three Plaintiff claims Defendants' actions violated the Religious Land Use and Institutionalized Persons Act. Plaintiff seeks monetary and injunctive relief.

In its Screening Order dated October 18, 2016, the Court dismissed as moot Plaintiff's claims for injunctive relief, because Plaintiff had been released from prison. (Doc. 6.) The Court also dismissed Defendant CCA. The Court ordered Defendants Warner, Taylor, and Griego to answer Counts One and Three, and Defendants Warner and Griego to answer Count Two. (*Id.*) On December 30, 2016, Defendants filed an Answer. (Doc. 11.)

The Court issued its Scheduling Order on January 9, 2017, setting April 6, 2017 as the deadline for joining parties and amending pleadings, and set September 4, 2017 as the deadline to file all dispositive motions. (Doc. 13.) The Order limited each party to 25 interrogatories, 15 requests for production, and 10 requests for admission, and required all written discovery to be served no later than June 5, 2017. The Court granted Defendants leave to depose Plaintiff by May 8, 2017. The Court required all parties to resolve discovery disputes through personal or telephonic consultation and sincere efforts prior to filing motions.

On June 16, 2017, Plaintiff filed a "Reply to Scheduling Order." (Doc. 22.) On June 27, 2017, Defendants filed a Response to Plaintiff's "Reply." (Doc. 24.) On August 10, 2017, Plaintiff filed a document virtually identical to doc. 22, this time styling it as a Motion to Authorize the Deposition of Parties. (Doc. 25.) In his Motion, Plaintiff requests the Court's permission to depose five individuals. In Response, Defendants argue that the deadline to depose witnesses has already passed, per the Court's Scheduling Order. (Doc. 24 at 1.) Defendants also argue the information Plaintiff needs could have been obtained through written discovery, which would have been less burdensome and more convenient, but Plaintiff failed to propound any written discovery. (*Id.*) Finally, Defendants argue the depositions are not necessary, and Plaintiff fails to explain the importance in deposing the named individuals. (*Id.* at 2-3)

## II. Discussion

The Court will deny Plaintiff's Motion to Depose Witnesses. As an initial matter, Plaintiff's Motion is not timely filed. The Scheduling Order was issued on January 9, 2017, and Plaintiff did not file this Motion until August 10, 2017 – or at earliest, when he filed his "Reply" on June 16, 2017. The deadline for Defendants to depose Plaintiff was May 8, 2017, and all discovery was due June 5, 2017. (Doc. 13.) Plaintiff failed to utilize any discovery at his disposal even though he had several months to do so, and the information Plaintiff seeks could have likely been obtained through written discovery, which would have been more convenient and less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C):

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Additionally, Plaintiff has made no good cause showing in his case to warrant leave to depose witnesses. The Court's Scheduling Order states: "Due to logistical issues, self-represented incarcerated parties may not take depositions without first obtaining the Court's permission, which will only be granted upon a showing of exceptional circumstances." (Doc. 13.) Plaintiff's Motion does not offer any showing of exceptional circumstances to warrant leave to depose witnesses, nor does Plaintiff explain the necessary information he seeks from deposing these individuals. Plaintiff could have obtained information for his case through less costly means and by timely propounding

///
///
///
///
///

written discovery, though he failed to do so. Thus, the Court denies Plaintiff's Motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (doc. 25) is **denied**.

Dated this 24th day of August, 2017.

Honorable John Z. Boyle
United States Magistrate Judge